UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

EMILY GALLAGHER, SURAJ PATEL, KATHERINE STABILE, JILLIAN SANTELLA, AARON SEABRIGHT, JAMES C. MCNAMEE, KRISTIN SAGE ROCKERMAN, MARIA BARVA, MIRIAM LAZEWATSKY, MYLES PETERSON, SAMANTHA PINSKY, CHRISTIAN O'TOOLE, TESS HARKIN, CAITLIN PHUNG, ANTONIO PONTEX-NUNEZ, *individually, and on behalf of all others similarly situated*,

Docket No. 20 Civ.5504 (AT)

                              Plaintiffs,

MARIA D. KAUFER and ETHAN FELDER,

                              Intervenor Plaintiffs

                              v.

NEW YORK STATE BOARD OF ELECTIONS; PETER S. KOSINSKI, ANDREW SPANO, and DOUGLAS KELLNER, *individually and in their official capacities as Commissioners of the New York State Board of Elections;* TODD D. VALENTINE, ROBERT A. BREHM*, individually and in their official capacities as Co- Executive Directors of the New York State Board of Elections; and* ANDREW CUOMO *as Governor of the State of New York*,

                              Defendants.

                              and

NEW YORK CITY BOARD OF ELECTIONS; PATRICIA ANNE TAYLOR individually and as President of the New York City Board of Elections; and MICHAEL J. RYAN, individually and as the Executive Director of the New York City Board of Elections,

                              Intervenor Defendants

------------------------------------------------------------------------ X

**PROPOSED PLAINTIFF-INTERVENORS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO INTERVENE AND MOTION FOR A
PRELIMINARY INJUNCTION**

# INTRODUCTION

The Proposed Plaintiffs' in Intervention, Maria D. Kaufer and Ethan Felder, are candidates for Female and Male District Leaders in the 28th Assembly District Part A, in Queens County. As detailed in the Proposed Intervenor-Plaintiffs' Complaint, Ms. Kaufer, by the uncertified count made known by the Proposed Defendants, the NYC Board of Elections, Ms. Kaufer lost by 123 votes out of over 6000 cast. The specifics are these:

In the Female Democratic District Leader race, between Plaintiff Maria Kaufer and incumbent Karen Koslowitz, in the 28th Assembly District, Part A, the in-person tabulation on June 23 showed the following:

> Maria Kaufer: 1,115 votes
> Karen Koslowitz: 1,050 votes
> Write-in: 7 votes
> Total in-person: 2,172 votes

The paper ballots, absentee, affidavit ballots and military ballots were counted between July 8 and Jul 18, 2020. Those results were as follows:

> Maria Kaufer: 1,280 votes
> Karen Koslowitz: 1,458 votes
> Write-in: 1 vote
> Over Votes: 2 votes
> Under Votes: 276
> Total Paper Ballot: 3,017 votes

The combined uncertified totals are as follows:

> Maria Kaufer: 2,395 votes (46.16%)
> Karen Koslowitz K: 2,508 votes (48.33%)
> Write-in: 8 votes
> Over Votes: 2 votes
> Under Votes: 276 votes
> Total Votes: 5,189.

This put Karen Koslowitz ahead by 123 votes. **However, the NYCBOE did not count 1450 absentee ballots for among other reasons the lack of a postmark.**

Upon information and belief, the principal reason these 1450 ballots, all of which had been received by June 30, were not counted was the lack of a postmark. **This amounts to 21% of the votes cast by absentee ballot. The number of ballots not counted far exceed the margin of Ms. Koslowitz' lead.**

Like the Plaintiffs in this case Intervenor Plaintiffs sue to protest the disenfranchisement of voters in New York City, albeit in different districts that Plaintiffs Gallagher and Patel. Their legal grounds are identical, although Proposed Intervenor Plaintiffs do not rely on Postal practices. The Postal Service's own rules direct that Business Reply Mail not be postmarked. Section 1.13 of the US Postal Service Handbook (https://about.usps.com/handbooks/po408/ch1_003.htm ) states that: **"A postmark is an official Postal Service™ imprint applied in black ink on the address side of a stamped mailpiece. A postmark indicates the location and date the Postal Service accepted custody of a mailpiece, and it cancels affixed postage. Since 1979, the Postal Service's** *Postal Operations Manual* **(POM) has provided standards for postmarks applied to single-piece First-Class Mail. Letters and flats that need to be postmarked come from carrier pick-up, collection boxes, retail counters, or lobby drop boxes. Postmarks are not required for mailings bearing a permit, meter, or precanceled stamp for postage,** nor to pieces with an indicia applied by various postage evidencing systems. " (Emphasis added).

The Proposed Intervenor-Plaintiffs want similar relief, and they also want to add, as Defendants, the NYC Board of Elections, and its principals, who are the principal actors in the denial of voters' rights in NYC.

**ARGUMENT**

**POINT I**

**INTERVENTION SHOULD BE ALLOWED**

Rule 24 permits a party to intervene in ongoing right as of right (Rule 24[a]) or by permission (Rule 24[b]).  Intervention is proper under either and both of these standards.

I. **The Kaufer Plaintiffs Should be Granted Intervention as of Right Pursuant to Federal Rule of Civil Procedure 24(a).**

Rule 24 provides that "the [C]ourt **must** permit anyone to intervene" if that person "(1) timely file[d] an application, (2) show[ed] an interest in the action, (3) demonstrate[d] that the interest may be impaired by the disposition of the action, and (4) showed that the interest is not protected adequately by the parties to the action." Fed. R. Civ. P. 24(a) (emphasis added); *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 128-29 (2d Cir. 2001) (cleaned up); *see also Sherman v. Town of Chester*, 339 F. Supp. 3d 346, 358 (S.D.N.Y. 2018).

   A.   The motion is timely.

There is no "hard and fast rule defining timeliness under Rule 24(a)," and the Court instead should make a "ruling be based on all the circumstances of the case." *Dow Jones & Co. v. U.S. Dep't of Justice*, 161 F.R.D. 247, 251 (S.D.N.Y. 1995).  In the Second Circuit such circumstances include: "(a) the length of time the applicant knew or should have known of its interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness." *Floyd v. City of New York*, 770 F.3d 1051, 1058 (2d Cir. 2014), *citing MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 390 (2d Cir. 2006).

Timeliness is generally measured – in admittedly different circumstances – in months (if not years). *See, e.g., Republic of the Philippines v. Abaya*, 312 F.R.D. 119, 123 (S.D.N.Y. 2015) (finding motion was timely where the intervenor waited "nearly a year to intervene in the action"); *Dow Jones & Co.*, 161 F.R.D. at 251–53 (motion was timely, even after grant of summary judgment); *Mortg. Lenders Network, Inc. v. Rosenblum*, 218 F.R.D. 381, 383–84 (E.D.N.Y. 2003) (motion was timely, even where filed more than six months after the intervenors knew or should have known of their interest in the litigation).

Here, the intervenors have sought to intervene within five days of the filing of the Gallagher Plaintiffs' complaint, and within five days of the conclusion of counting in the 28th Assembly District. No party's rights will be prejudiced by the intervention of the Kaufer Plaintiffs, and, in fact, a necessary party, the NYCBOE will be brought in. Often, prejudice is discussed with reference to how much discovery has taken place where – here – none has. *See, e.g.*, *Sherman*, 339 F. Supp. 3d at 359 (motion is timely where "the parties have not even begun discovery" even with a long delay in filing). Finally, the Kaufer Intervenor Plaintiffs have interests that may be impaired by the disposition of this litigation and may suffer prejudice if they cannot intervene, and judicial economy is served by resolving all disputes relating to the Board's actions in one litigation.

   B.  <u>The Kaufer Intervenor -Plaintiffs have substantial interests that may be impaired by disposition of this case.</u>

In the Second Circuit, the nature of the "interest" required under Rule 24 is defined as an interest that is "direct, substantial, and legally protectable[,]" rather than "remote from the subject matter of the proceeding, or . . . contingent upon the occurrence of a sequence of events[.]" *Brennan*, 260 F.3d at 129, *quoting Washington Elec. Coop., Inc. v. Mass. Mun.*

*Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990); *accord Donaldson v. United States*, 400 U.S. 517, 531 (1971) (requiring "significantly protectable interest"); *see also N.Y. Pub. Interest Research Grp. v. Regents of Univ. of N.Y.*, 516 F.2d 350, 352 (2d Cir. 1975) (*per curiam*) (pharmacists permitted to intervene in action challenging advertising of prescription drug prices); *Great Atl. & Pac. Tea Co. v. Town of E. Hampton*, 178 F.R.D. 39, 42 (E.D.N.Y. 1998) (environmental organization dedicated to preserving the rural character of a town had interests that "would likely be impaired" at stake). *See also, generally*, Fed. R. Civ. P. 24 (advisory committee's note) ("If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene[.]").

Interests protected by a constitutional provision or statute of general application are construed broadly and are particularly likely to warrant intervention, especially when the lawsuit raises a question of public interest. "The Supreme Court has recognized that 'certain public concerns may constitute an adequate 'interest' within the meaning of [Rule 24(a)(2)].'" *Herdman v. Town of Angelica*, 163 F.R.D. 180, 187 (W.D.N.Y. 1995) *quoting Diamond v. Charles*, 476 U.S. 54, 68 (1986) (bracketing in original). This Court, therefore, must "take into account both the public nature" of the instant litigation "and the basis for, and strength of, [the Sanders Plaintiffs'] particular interest in the outcome of the litigation." *Id.*; *accord Commack Self-Serv. Kosher Meats, Inc. v. Rubin*, 170 F.R.D. 93, 100 (E.D.N.Y. 1996); *see also, e.g.*, *Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014) ("The interest requirement may be judged by a more lenient standard if the case involves a public interest question or is brought by a public interest group. The zone of interests protected by a constitutional provision or statute of general application is arguably broader than are the protectable interests recognized in other contexts.") (citations omitted); 7C Charles Alan Wright, et al., <u>Federal Practice and Procedure</u> § 1908.1 (3d

ed. 2019) ("[I]n cases challenging various statutory schemes as unconstitutional or as improperly interpreted and applied, the courts have recognized that the interests of those who are governed by those schemes are sufficient to support intervention.").

In short, without the Court's intervention, the Maria Kaufer will be declared the loser in an election, by 123 votes, in which 1450 voters have been disenfranchised.

Accordingly, the Intervenor Plaintiffs have a significant interest in the instant litigation.

C. <u>The Intervenor Plaintiffs' interests are not fully or adequately represented by the existing Plaintiffs.</u>

Finally, intervention as of right is warranted because the Intervenors Plaintiffs' interests are not "adequately represent[ed]" by "the existing parties." Fed. R. Civ. P. 24(a)(2); *see also Sherman*, 339 F. Supp. 3d at 360, *citing Laroe Estates, Inc. v. Town of Chester*, 828 F.3d 60, 67 (2d Cir. 2016), *rev'd and remanded on other grounds in Town of Chester v Laroe Estates, Inc.*, 137 S Ct 1645, 1648 (2017). Courts grant intervention as of right under this factor unless the interests of existing parties are "so similar to those of [Intervenors] that adequacy of representation [is] **assured**." *Brennan*, 260 F.3d at 132–33 (emphasis added).

The burden on this factor is minimal. When a proposed intervenor has the same ultimate objective, it is their burden to show that adequacy of representation is *not* assured and there is an initial presumption of adequacy. *See Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179–80 (2d Cir. 2001). However, "[t]he requirement of the Rule is satisfied if the applicant shows that representation of his interest '**may** be' inadequate; and the burden of making that showing **should be treated as minimal**." *Trbovich v. UMW*, 404 U.S. 528, 538 n.10 (1972) (emphasis added), *citing* 3B J. Moore, Federal Practice ¶ 24.09-1 [4] (1969). 7C Charles Alan Wright, et al., Federal Practice and Procedure § 1909 (3d ed. 2019) (an applicant ordinarily

should be permitted to intervene as of right "unless it is clear that the party will provide adequate representation for the absentee."). The Second Circuit has not precisely defined what is necessary to meet this minimal burden. *See Butler*, 250 F.3d at 180 (holding that, while "not an exhaustive list, . . . evidence of collusion, adversity of interest, nonfeasance, or incompetence may suffice to overcome the presumption of adequacy.").

Here, the Intervenor Plaintiffs are positioned to make arguments – or respond to challenges from the Defendants – in ways that the Plaintiffs may not be able to. They can concretely point to a result where the counting of ballots without postmarks could easily impact the final outcome of an election. This distinction is enough to show that the Intervenor Plaintiffs' interests are not adequately represented by the Plaintiffs alone.

## II. In the Alternative, Permissive Intervention Is Appropriate.

Under Rule 24(b), this Court may, in its discretion, "permit anyone to intervene" provided they (1) file a "timely motion," and (2) "ha[ve] a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). The "principal consideration" is "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978) (quotation omitted); *Eddystone Rail Co. v. Jamex Transfer Servs.*, 289 F. Supp. 3d 582, 595 (S.D.N.Y. 2018) (*citing U.S. Postal Serv.*).

Rule 24(b) "is to be liberally construed" in favor of intervention. *Olin Corp. v. Lamorak Ins. Co.,* 325 F.R.D. 85, 87 (S.D.N.Y. 2018), *quoting Degrafinreid v. Ricks*, 417 F. Supp. 2d 403, 407 (S.D.N.Y. 2006); *see also McNeill v. N.Y.C. Hous. Auth.*, 719 F. Supp. 233, 250 (S.D.N.Y. 1989).

Courts may also consider other factors, including "'the nature and extent of the intervenors' interests' . . . and 'whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.'" *U.S. Postal Serv.*, 579 F.2d at 191-92, *quoting Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977). Courts may also consider whether their interests are "adequately represented by the other parties," but this "is clearly a minor factor at most." *United States v. Columbia Pictures Indus., Inc.*, 88 F.R.D. 186, 189 (S.D.N.Y. 1980); *see also New York v. Pruitt*, Nos. 18-CV-1030, 18-CV-1048, 2018 WL 1684341, at *1 (S.D.N.Y. Apr. 5, 2018) (considering adequacy just one of several factors to be considered, but not required, and ultimately declining to reach mandatory intervention because of a grant of permissive intervention).

Permissive intervention is appropriate here. First, this motion is timely for the reasons outlined above. Second, the claims of the Intervenor Plaintiffs and those of the Plaintiffs share questions of fact and law and seek largely the same relief.[1]

Critically, the Intervenor- Plaintiffs' claims would not "unduly delay or prejudice the adjudication of the rights of the original parties." *U.S. Postal Serv.*, 579 F.2d at 191. The Court has already ordered a schedule for resolution of the entire case, with which the Sanders Plaintiffs will comply. And although adequacy of representation is a far less significant consideration for permissive intervention, this Court can consider, as argued above, that the interests of the Intervenor-Plaintiffs are not "adequately represented" by the Plaintiffs. *Id*.

## POINT II

## A PRELIMINARY INJUNCTION
## SHOULD BE GRANTED

The Intervenor Plaintiffs adopt the reasons put forth in Plaintiffs' Memorandum of Law, while pointing out to this Court that like in *Yang*, the Court can issue a prohibitory rather than a mandatory injunction, since there is no NY Election Law provision which requires that a non-postmarked ballot be discarded. The Court can simply prohibit the NYCBOE from not counting all absentee ballots received by June 30, 2020.

## CONCLUSION

For the foregoing reasons, Proposed Intervenors respectfully request that this Court grant their Motion to Intervene, pursuant to Federal Rule of Civil Procedure 24(a) or 24(b) and grant a Preliminary Injunction prohibiting the NYCBOE from not counting all absentee ballots received by June 30, 2020 in the 28th Assembly District Part A.

.

Dated: New York, New York
July 22, 2020

ADVOCATES FOR JUSTICE
CHARTERED ATTORNEYS
*Attorneys for Intervenor Plaintiffs*

By: /s/ Arthur Z. Schwartz
Arthur Z. Schwartz
225 Broadway, Suite 1902
New York, New York 10007
Tel.: (212) 285-1400
Fax: (212) 285-1410
aschwartz@afjlaw.com