

**Arthur Z. Schwartz**
Principal Attorney
aschwartz@afjlaw.com

225 Broadway, Suite 1902
New York, New York 10007

t. (212) 285-1400
f. (212) 285-1410

www.afjlaw.com

July 22, 2020

By ECF
Hon. Analisa Torres
United States District Court
500 Pearl Street
New York, NY 10007

      Re:    Gallagher v NY State Board of Elections
               Kaufer v. New York City Board of Elections
               20 Civ. 5504 (AT)
               Intervenors' Motion to Intervene and for a Preliminary Injunction

Dear Judge Torres:

    I write with two requests.

    First, none of the parties objected to the intervention motion filed by Ms. Kaufer and Mr. Felder and the addition of the NYC Board of Elections, its President and its Executive Director as Defendants. We request that you issue an order first thing in the morning allowing the filing of Intervenor's Complaint and directing the Clerk to issue the appropriate Summons since the NYC Defendants are not parties.

    Second, As I expected, after years of litigation with the NYC Board of Elections, they ignored the Motion to Intervene and the Motion for A Preliminary Injunction. On pain of sounding unprofessional there is an arrogance (as reflected in General Counsel Richman's exchange with me in Exhibit A to Intervenor's Complaint) that the Board generally gets away with in State Court, where lawsuits are generally opposed initially with arguments about improper service, lack of verification, missing parties, and inappropriate venue. I can surmise that their position on this lawsuit is that they will not be parties, and have no reason to respond, until they are physically served with a Summons and Complaint. We request therefore, that in addition to granting the Motion to Intervene first thing in the morning, that the Court include in its order a direction a) that service on the BOE can be made by electronic service on its General Counsel and on NYC Corporation Counsel, and b) directing the NYC Board of Election Defendants to respond to the Motion for A Preliminary Injunction no later than midnight on



Hon. Analisa Torres
July 22, 2020
Page 2

July 23, 2020 (they have had our papers since first thing Wednesday morning). Only if such direction is given will the dispute we present, and possibly the dispute Plaintiffs present, be resolved expeditiously.

      Although we will be responding to the Defendants filings on Thursday, we want to direct the attention of the Court to one provision of the Election Law and one of the State Board's regulations which undercut their argument that they cannot direct local boards what to do.

      First the Court should look at NY State Election Law Section 3-102(1) and 3-102(14). 3-102 is titled **State board of elections; general powers and duties**  It continues "In addition to the enforcement powers and any other powers and duties specified by law, the state board of elections shall have the power and duty to: (1) issue instructions and promulgate rules and regulations relating to the administration of the election process, election campaign practices and campaign financing practices consistent with the provisions of law;" Subsection 14 continues: "[shall have the power and the duty to ] **take all appropriate steps to encourage the broadest possible voter participation in elections."** Robert Brehm's assertion that the State Board has no power over County Boards has no basis in the law.

      In line with this provision of the law, the State Board issues regulations which the County Boards must follow; in fact these regulations have the force of law. They can be found at https://www.elections.ny.gov/NYSBOE/download/law/2020ElectionLaw.pdf. Section 6210.13 is titled **Standards for Determining Valid Votes**. This regulation includes very precise directions about how the ballots should be counted by County Boards, including absentee ballots. I daresay that if the State Board said : "Count all ballots without a postmark which was received 7 days after the in-person voting every County Board would have to comply.

                                           Respectfully submitted,

                                       /s/ Arthur Z. Schwartz

                                          Arthur Z. Schwartz

cc:     All Counsel of Record by ECF
          NYC BOE General Counsel Steven Richman, Esq,
          Assistant Corporation Counsel Stephen Kitzinger, Esq.