USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/23/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMILY GALLAGHER, SURAJ PATEL, KATHERINE STABILE, JILLIAN SANTELLA, AARON SEABRIGHT, JAMES C. MCNAMEE, KRISTIN SAGE ROCKERMAN, MARIA BARVA, MIRIAM LAZEWATSKY, MYLES PETERSON, SAMANTHA PINSKY, CHRISTIAN O'TOOLE, TESS HARKIN, CAITLIN PHUNG, ANTONIO PONTEX-NUNEZ, *individually and on behalf of all others similarly situated*,

       Plaintiffs,

 -against-

NEW YORK STATE BOARD OF ELECTIONS; PETER S. KOSINSKI, ANDREW SPANO, AND DOUGLAS KELLNER, *individually and in their official capacities as Commissioners of the New York State Board of Elections*; TODD D. VALENTINE, ROBERT A. BREHM, *individually and in their official capacities as Co-Executive Directors of the New York State Board of Elections*; and ANDREW CUOMO *as Governor of the State of New York*,

       Defendants.

MARIA D. KAUFER and ETHAN FELDER,

       Plaintiff-Intervenors,

 -against-

NEW YORK STATE BOARD OF ELECTIONS; PETER S. KOSINSKI, ANDREW SPANO, AND DOUGLAS KELLNER, *individually and in their official capacities as Commissioners of the New York State Board of Elections*; TODD D. VALENTINE, ROBERT A. BREHM, *individually and in their official capacities as Co-Executive Directors of the New York State Board of Elections*; and ANDREW CUOMO *as Governor of the State of New York*; NEW YORK CITY BOARD OF ELECTIONS; PATRICIA ANNE TAYLOR *individually and as President of the New York City Board of Elections*;

20 Civ. 5504 (AT)

**ORDER**

and MICHAEL J. RYAN, *individually and as the Executive Director of the New York City Board of Elections*,

                Defendants.

ANALISA TORRES, District Judge:

      Plaintiffs, Emily Gallagher, Suraj Patel, Katherine Stabile, Jillian Santella, Aaron Seabright, James C. McNamee, Kristin Sage Rockerman, Maria Barva, Miriam Lazewatsky, Myles Peterson, Samantha Pinsky, Christian O'Toole, Tess Harkin, Caitlin Phung, and Antonio Pontex-Nunez, bring this action alleging violations of their constitutional rights, against Defendants, the New York State Board of Elections ("NYSBOE"), and Peter S. Kosinski, Andrew Spano, Douglas Kellner, Todd D. Valentine, Robert A. Brehm, and Governor Andrew M. Cuomo in their individual and official capacities. *See* Compl. ¶¶ 11–30, 82–105 ECF No. 1. Plaintiffs, voters and candidates for elective office in New York's June 23, 2020 primary election (the "June Primary"), allege that Defendants have invalidated absentee ballots that are not postmarked by June 23, 2020, resulting in large numbers of otherwise valid absentee ballots not being counted in tallying the results of the June Primary, because absentee voters, pursuant to Governor Cuomo's executive order, were provided with prepaid envelopes, and the United States Postal Service failed to postmark many of those envelopes. *Id.* ¶¶ 1–2.

      On July 22, 2020, Proposed Plaintiff-Intervenors, Maria D. Kaufer and Ethan Felder, moved to intervene in this action. ECF No. 11. Proposed Plaintiff-Intervenors are candidates in the June Primary for the office of Democratic District Leader in districts located in Queens County. Proposed Intervenor Compl. ¶¶ 12, 13, ECF No. 11-1. They assert similar claims to Plaintiffs, against the same Defendants, and propose to join as additional Defendants the New

York City Board of Elections ("NYCBOE"), its president Patricia Anne Taylor, and its executive director Michael J. Ryan (together, "Proposed NYCBOE Defendants"). *Id.* ¶¶ 14–15.

Plaintiffs do not oppose the motion to intervene. ECF No. 14. Defendants do not oppose the motion to the extent that Proposed Plaintiff-Intervenors seek to assert claims against Proposed NYCBOE Defendants, but do oppose intervention insofar as Proposed Plaintiff-Intervenors intend to assert claims against Defendants. ECF No. 17 at 24.

For the reasons stated below, the motion to intervene is GRANTED.

I.     Legal Standard

Rule 24 of the Federal Rules of Civil Procedure provides the criteria that a putative intervenor must meet to intervene either as of right or permissively. Rule 24(b) sets out the standard for permissive intervention: "On a timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Courts in this district have consistently held that Rule 24(b) "is to be liberally construed." *See, e.g., Olin Corp. v. Lamorak Ins. Co.*, 325 F.R.D. 85, 87 (S.D.N.Y. 2018); *Degrafinreid v. Ricks*, 417 F. Supp. 2d 403, 407 (S.D.N.Y. 2006). The "principal consideration" for permissive intervention is "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978). "[P]ermissive intervention is wholly discretionary with the trial court." *Id.*

II.     Analysis

Permissive intervention is appropriate in this case.  The motion to intervene was timely, having been submitted only five days after Plaintiffs' complaint, and four days after the date on which Proposed Plaintiff-Intervenors allege that counting concluded in their own races.  Proposed Intervenor Compl. ¶ 35 & at 15.  Intervention would not delay or prejudice the adjudication of the existing parties' rights.  Proposed Plaintiff-Intervenors filed their motion to intervene before any Defendant filed a response to Plaintiffs' motion for preliminary injunctive relief, and Proposed Plaintiff-Intervenors' substantive arguments are largely similar to Plaintiffs'.  Although Proposed Plaintiff-Intervenors seek to add Proposed NYCBOE Defendants to the action for the first time, the Court can provide them adequate time to respond to Proposed Plaintiff-Intervenors' claims without significantly delaying the progress of this action.  *See, e.g.*, *Poseidon Capital Corp. v. Nicolet Instrument Corp.*, No. 85 Civ. 6118, 1985 WL 3344, at *1 (S.D.N.Y. Oct. 31, 1985) ("I recognize that the proposed complaint of the intervening plaintiff drops certain defendants and adds others.  This furnishes no obstacle to intervention.").

Further, the claims asserted by Proposed Plaintiff-Intervenors "share[] with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b).  Like Plaintiffs, Proposed Plaintiff-Intervenors allege that Defendants (alongside Proposed NYCBOE Defendants) have refused to count absentee ballots in the June Primary that were not postmarked by June 23, 2020, and that large numbers of otherwise valid absentee ballots were not postmarked because they were sent in pre-paid envelopes.  *Compare* Compl. *with* Proposed Intervenor Compl.  Resolving both Plaintiffs' and Proposed Plaintiff-Intervenors' claims will require the Court to determine whether the practices described violate the First or Fourteenth Amendments to the Constitution.

## CONCLUSION

Accordingly, the motion to intervene under Rule 24(b) of the Federal Rules of Civil Procedure is GRANTED.

It is ORDERED that Proposed Plaintiff-Intervenors shall immediately notify Proposed NYCBOE Defendants of this order, and shall serve on Proposed NYCBOE Defendants their complaint, motion, supporting memorandum of law, and this order by email to the NYCBOE's general counsel and the New York City Law Department.

It is further ORDERED that by **July 24, 2020**, Proposed NYCBOE Defendants shall file their opposition to Proposed Plaintiff-Intervenors' request for a preliminary injunction.

The Clerk of Court is directed to terminate the motions at ECF Nos. 11 and 19, amend the caption as styled above, and add to the docket as Defendants the New York City Board of Elections, Patricia Anne Taylor, individually and as President of the New York City Board of Elections, and Michael J. Ryan, individually and as the Executive Director of the New York City Board of Elections.

SO ORDERED.

Dated: July 23, 2020
      New York, New York

ANALISA TORRES
United States District Judge