

July 28, 2020

Hon. Analisa Torres, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 15D
New York, NY 10007

<u>By Electronic Filing.</u>

> **Re:**  Letter Motion to Compel Compliance with Subpoenas,
> <u>Gallagher et al. v. New York State Board of Elections et al.</u>, 20-cv-5504

Dear Judge Torres:

As your Honor knows, we represent the Plaintiffs in the matter named above. Please consider this letter a motion to compel attendance at trial by Defendant Michael Ryan, and by a representative of the United States Postal Service (whether the parties subpoenaed or another person with adequate knowledge. Both subpoenas are attached to this letter. Relevant correspondence is available at the Court's request.

### I.  City Board Defendant Michael Ryan

With apologies for the rushed nature of this letter (both in this and Point II), I will briefly recite relevant facts, and all factual matters herein are stated under penalty of perjury. We served Mr. Ryan with a subpoena testify yesterday. At 11:43 p.m. last night, Mr. Kitzinger emailed us stating only "Please be advised that Mr. Ryan is not available Wednesday morning." When we suggested we would move to compel if we was unavailable, Mr. Kitzinger responded, "I said that he was unavailable in the a.m. – I understand that he has a medical appointment" and then "Why didn't Jonathan see that I wrote that Ryan was not available in the morning  and discuss what time he would be available rather than threatening to move to compel." When we asked if Mr. Ryan *was* available in the afternoon, though, there was no firm commitment. Instead, Mr. Kitzinger responded only, "[i]f Mr. Ryan is able to attend after his appointment, he will be made available."[1]

### II.  United States Postal Service Witnesses

We've had significant, and productive discussions with the USPS about witnesses. However, as a matter of policy, apparently USPS does not view any subpoena as valid if it is not served more than 10 days in advance, unless there is a specific Court order directly compelling testimony. The USPS has told us that they are working to identify a witness with relevant knowledge (we were able

---

[1] At the risk of recounting too much, we then said, in essence, "great, if he can't make it in the afternoon, though, we need to see a doctor's note," to which Mr. Kitzinger replied "You will have to take my word for it."



to give them names after seeing the Board's exhibits this morning), but they cannot commit to finding a witness or that witness's availability.

In our conversation, the person who reached out on behalf of USPS about the subpoena, Stuart James, actually suggested the Court's intervention would be productive, writing:

> It is highly unlikely that I can give you any sort of commitment by 4:00 pm so you should start drafting your motion.  I should point out, however, that at this point, there is no valid subpoena seeking this testimony nor has the judge directly ordered the Postal Service to appear. I also understand your position that it was simply not possible to comply with the Touhy regulations considering the time frames in the judge's Order. …

> Perhaps the judge can direct the BOE to identify who in the Postal Service it was communicating[2] with and we can arrange for their testimony; even if it is not tomorrow.  I am hoping that the judge will understand that while this is a preliminary injunction hearing, the Postal Service only became aware of this matter on Monday and needs time to locate the correct people to provide the requested testimony.

It appears, then, that the USPS is of the view that it must be directly ordered to appear, but is not categorically opposed to such an order.

### III. Analysis

"Unless it offers an adequate excuse, a party or non-party must obey a valid subpoena." *Cadlerock Joint Venture, L.P. v. Esmeldy Auto Corp.,* 2011 U.S. Dist. LEXIS 77413 (SDNY 2011).  *Orbit One Communs., Inc. v. Numerex Corp.*, 255 F.R.D. 98, 105 (S.D.N.Y. 2008) (same).  A recent Southern District case described the process and appropriate escalations at length recently:

> "This Court has discretion to hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.  However, the advisory committee noted that 'it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena.  Indeed, courts in this district generally find non-parties in contempt upon failure to comply with a subpoena only when they also violate a court order to do so." *AM Indus. USA, LLC v. Gibson Brands, Inc.,* 2020 U.S. Dist. LEXIS 124293 (SDNY 2020) (citations omitted), *citing* Fed. R. Civ. P. 45(g) and Fed. R. Civ. P. 45(g) advisory committee's note to 2018 amendment.  If a party "makes clear he [is] going to ignore [a] trial subpoena," that merits an order to appear and potentially other sanctions.  *See Teller v. Helbrans*, 2019 U.S. Dist. LEXIS 194025 (EDNY 2019) ("By ignoring the deposition subpoena and making clear that he was going to ignore the trial subpoena, Teller has willfully violated the Court's orders that he appear in person to testify. Thus, all of these failures to appear were willful.")

---

[2] We have since provided two names (Tiffany Ramsey and Travis Hayes III, based on Defendants' trial exhibits).



Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Here, we believe an order compelling the attendance of both witnesses sought is sufficient for now, and there is no indication that compliance will not take place by the USPS. Similarly, if Mr. Ryan authentically has a doctor's appointment that somehow makes him unable to testify in the afternoon, a note to that effect (provided confidentially to counsel) from his doctor should be easy enough to obtain – and if the hearing must go into a second day, as the Court observed last night, it must.

Therefore, we ask for an Order:

1. Directing Michael Ryan to testify at tomorrow's hearing in the afternoon, or otherwise to testify on July 28 and to provide a valid doctor's note explaining his inability to testify at all on July 27; and

2. Directing the United States Postal Service to produce Postmaster Marcelina DelPizzo, or another, adequately knowledgeable representative to testify at tomorrow's hearing.

Respectfully submitted,

/s/ J. Remy Green
———————————
J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
1639 Centre St., Suite 216
Ridgewood, New York 11385
remy@femmelaw.com
*Attorneys for Plaintiffs*

cc:
All relevant parties by ECF and email.
Stuart James, as representative of USPS.

AO 88  (Rev. 12/13)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| EMILY GALLAGHER et al | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   20 Civ. 5504 (AT) |
| NEW YORK STATE BOARD OF ELECTIONS et al | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:   Marcelina DelPizzo Postmaster, United States Post Office,  380 W. 33rd St., Rm 4048 New York, NY 10199

---

*(Name of person to whom this subpoena is directed)*

  **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below
to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court
officer allows you to leave.

| Place:  Judge Analisa Torres<br>United States Courthouse<br>500 Pearl Street NY NY 10007 | Courtroom No.:  15D |
|---|---|
| | Date and Time:  Wednesday, July 29, at 9:30 a.m. |

  You must also bring with you the following documents, electronically stored information, or objects *(leave blank if
not applicable)*:   US Postal Service Handbook and USPS Postmarking Guidelines.

  THIS APPEARANCE WILL BE BY VIDEOCONFERENCE. PLEASE CALL THE ATTORNEY BELOW
FOR LOG IN INFORMATION.

  The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date:   07/27/2020

*CLERK OF COURT*

                 OR

| | |
|---|---|
| | /s/ Remy Green, Esq. |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

---

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
Emily Gallagher et al     , who issues or requests this subpoena, are:

Remy Green Cohen & Green PPLC  1639 Centre St., Ste. 216  Ridgewood (Queens), NY 11385
remmy@femmelaw.com  (929) 888.9560

---

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice
and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is
directed.  Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 12/13)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.    20 Civ. 5504 (AT)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 12/13)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88  (Rev. 12/13)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Southern District of New York

| | | |
|---|---|---|
| EMILY GALLAGHER et al | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  20 Civ. 5504 (AT) |
| NEW YORK STATE BOARD OF ELECTIONS et al | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:   Michael Ryan Executive Director New York City Board of Elections 32-42 Broadway, 7 Fl
New York, NY 10004

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below
to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court
officer allows you to leave.

| | |
|---|---|
| Place:  Judge Analisa Torres<br>United States Courthouse<br>500 Pearl Street NY NY 10007 | Courtroom No.:  15D |
| | Date and Time:  Wednesday, July 29, at 9:30 a.m. |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

Communications with any State or local board of elections officials, employees of the United States Post
Office or member of the public regarding postmarking of ballots for the June 23rd election.

THIS APPEARANCE WILL BE BY VIDEOCONFERENCE. PLEASE CALL THE ATTORNEY BELOW
FOR LOG IN INFORMATION.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date:   07/27/2020

|  *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Remy Green, Esq. |
| | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
_____   Emily Gallagher et al   _____ , who issues or requests this subpoena, are:

Remy Green Cohen & Green PPLC  1639 Centre St., Ste. 216  Ridgewood (Queens), NY 11385
remmy@femmelaw.com  (929) 888.9560

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice
and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is
directed.  Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 12/13) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No.   20 Civ. 5504 (AT)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 12/13)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).