

August 6, 2020

Hon. Analisa Torres, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 15D
New York, NY 10007

By Electronic Filing.

**Re: Motion to Enforce and for Contempt in**
**Gallagher et al. v. New York State Board of Elections et al., 20-cv-5504**

Dear Judge Torres,

As the Court is aware, my firm represents the Plaintiffs in the matter named above. We write to ask the Court to address what looks like a breakdown in government functioning at the State Board of Elections. While we have styled this as a motion to enforce and for contempt, we ask that the Court read this request generously and to include whatever alternative request the Court believes is most appropriate in the unusual circumstances presented here. We also believe, perhaps, a conference might be productive.

**Discussion**

We will generally presume the Court is very familiar with this case at this point, and avoid unnecessary background. Most recently, on Monday evening, the Court issued an Opinion and Order (ECF No. 91) granting Plaintiffs' and Plaintiff-Intervenors' motions for injunctive relief.

Relevantly, the Court found that "Plaintiffs and Plaintiff-Intervenors have shown irreparable injury because they allege a violation of their constitutional rights in connection with election results that will soon be certified as final." ECF No. 91 at 28. In making this finding, the Court observed that "[t]he Second Circuit has held specifically that voters' allegations that their ballots will be unconstitutionally excluded from certified results gives rise to irreparable harm." *Id.* at 29, *citing Hoblock v. Albany Cnty. Bd. Elections*, 422 F.3d 77, 97 (2d Cir. 2005) ("[I]f the election results are certified without counting the plaintiff voters' ballots, the plaintiff voters will suffer an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages. Such an injury meets the standards for irreparable harm.")

Despite the Court's Monday Order, the City Board certified the election results – obviously, without counting the ballots the Court ordered them to count – on Tuesday. Admittedly, they did so with an acknowledgement that the certification was subject to a count to take place later, but the certification has still broadly been treated as final – which, to us, seems to be exactly the kind of harm



the Court identified. *See, for example,* Jesse McKinley, et al., After 6 Weeks, Victors Are Declared in 2 N.Y. Congressional Primaries, NEW YORK TIMES (August 4, 2020).[1]

In the meeting where the City Board certified the results, they also noted that they were awaiting direction from the State Board on how to implement the Court's Order.[2] While the State Board has made a public statement that they intend to appeal the Court's Order,[3] the Attorney General has let us know that the State Board does not plan to appeal (it is unclear whether the City Board has its own plan). Additionally, though the Attorney General has informed us that the Board will be acting "imminently" on the Court's Order, the State Board has taken no official action since Monday.

Thus, as we reach the end of the week, the State Board still has not issued *any* directions to local boards to count ballots – and the Attorney General has suggested that the State Board intends to certify the election results prior to counting the ballots.

The cause of the State Board's inaction is what makes this situation unusual. Defendant Peter Kosinski, sued here in his official capacity as the current Republican co-chair of the State Board of Elections, has stated he will not attend any meetings of the State Board until Governor Cuomo appoints a second Republican Commissioner to fill a now-vacant seat. *See* Robert Harding, NY elections board GOP co-chair won't attend meetings until Cuomo fills vacancy, AUBURN PUB (July 31, 2020).[4] It appears that the State Board simply cannot act until this dispute is worked out – the Court's Order notwithstanding. Our understanding is that Kosinski's refusal to attend meetings has included meetings for the purpose of implementing the Court Order. While we have asked for an explanation of what is going on with Kosinski (and how the Board intends to act "imminently" without him), we have not been able to get to ground on this issue.

In our view, the Court's Order requires Kosinski to – at a minimum – attend a limited purpose meeting to direct local boards of elections to implement the Court's Order. There is no stay in place, and the City Board has already acted – absent the guidance the Court directed the State Board to give – to certify election results without the ballots at issue counted.

## Legal Analysis and Conclusion

Sitting in equity (as it is here), this Court has the power to order whatever relief is necessary to carry out its Orders. *Root v. Woolworth*, 150 U.S. 401, 410-411 (1983) ("It is well settled that a court of equity has jurisdiction to carry into effect its own orders, decrees and judgments."); *King-Seeley Thermos Co. v. Aladdin Indus., Inc.*, 418 F.2d 31, 35 (2d Cir. 1971). *See also*, *National Law Ctr. v. U.S. Veterans Admin.*, 98 F. Supp. 2d 25, 26-27 (D.D.C. 2000) ("A court's powers to enforce its own

[1] Available at https://www.nytimes.com/2020/08/04/nyregion/maloney-torres-ny-congressional-races.html.
[2] As far as I am aware, there is not a public transcript of that meeting available and I am speaking to the best of my recollection from my own memory having watched the meeting. As much as necessary, I ask that the Court treat this statement as made under penalty of perjury.
[3] The State Board's full press release is included following this letter.
[4] Available at https://auburnpub.com/news/local/govt-and-politics/ny-elections-board-gop-co-chair-wont-attend-meetings-until-cuomo-fills-vacancy/article_8939776d-1eac-5b18-92f5-b79b32112e81.html.

injunction by issuing additional orders is broad, … particularly where the enjoined party has not fully complied with the court's earlier orders.") (quotation marks omitted).

And the Court is not limited to the exact relief it previously ordered. Rather, a district judge is "vested with wide discretion in fashioning a remedy" to ensure compliance with her Orders. *Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir. 1979). Here, that means that the unusual situation presented may call for unusual remedies – up to and including contempt for failure to implement appropriate safeguards for the rights that should have been secured by the Court's injunction.

**First**, then, we think the most appropriate remedy is for the Court to directly order Kosinski to attend a meeting for the purpose of implementing the Court's Order – regardless of whether he intends to otherwise continue protesting Governor Cuomo's refusal to nominate a new Republican Commissioner.

**Second**, because of the urgent timeframe here, along with the fact that the Defendants have not sought any stay and that the City Board has already certified election results, we also ask that the Court consider whether an exercise some amount of its "further discretion" (*Vuitton*, 592 F.2d at 130) to ensure compliance is appropriate. Specifically, we believe the Court should consider whether it is appropriate to (1) hold Kosinski in contempt (or, to the extent the Defendants provide a different explanation for the delay, any other appropriate defendant); (2) provide some schedule and indication of future consequences if the State Board continues to fail to implement the Court's Order;[5] and (3) whether the City Board has violated the Court's Order.

We have made significant efforts over the past three days to discuss this matter with the State Board's counsel, including by providing a draft of this letter before filing it. Even so, counsel has been unable or unwilling to explain why the State Board has not issued the required guidance, how certifying the election results in any form[6] complies with the Court's Order, and how the Board could act without Kosinski. Given that, and the amount of time that has passed already, it seems unwise to wait any longer before filing this motion.

---

[5] For example, in *United States v. Yonkers Bd. of Educ.*, 662 F. Supp. 1575, 1582 (SDNY 1987), the Court implemented an Order that, among other things, provided the following:

> "Failure to implement the actions required by this Order shall be cause for entry of a finding of contempt against the City of Yonkers and against those City officials who, it is determined, have intentionally frustrated this Order. The City of Yonkers is hereby placed on notice that if the City is found to be in contempt of this Order or any provision hereof, it is the intent of this Court, in addition to any other sanctions which may appear to the Court to be appropriate, to impose a fine for each day of non-compliance. It is further the present intent of this Court that said fine be at a daily rate pursuant to the following formula: (a) $ 100 for the first day of non-compliance after entry of a finding of contempt and notice; (b) the daily rate shall be doubled for each consecutive day of non-compliance… [and then provided further, detailed specifics for the payment]."

[6] As noted above, through counsel, the State Board has seemingly told us that they *also* intend to (provisionally) certify the election results prior to counting the ballots required by the Court's Order.



We thank the Court for its time and consideration of this urgent and important matter.

Respectfully submitted,

/s/ J. Remy Green

J. Remy Green
Jonathan Wallace, *of counsel*
**COHEN&GREEN P.L.L.C.**
1639 Centre St., Suite 216
Ridgewood, New York 11385
Remy@FemmeLaw.com

Ali Najmi
**LAW OFFICE OF ALI NAJMI**
261 Madison Avenue, 12th Floor
New York, New York 10016

cc:
All relevant parties by ECF.

COHEN&GREEN

Page 4 of 5

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



**State Board Press Release:**

ALBANY, N.Y. – (August 4, 2020) Citing the tremendous burden on the local boards of elections and the uncertainty the precedent will cause going forward, the Commissioners of the State Board have decided to appeal yesterday's decision by Judge Analisa Torres in Gallagher v. SBOE.

"Given the totality of the circumstances here, we understand the desire to protect the rights of voters," stated Commissioner and Co-Chair, Douglas A. Kellner. "However, this will place a tremendous burden on the local boards of elections as they are preparing for the November general election and is highly unlikely to change the results in any contest."

"There must be uniform rules in the administration of elections and those rules are set by the Legislature in the Election Law," said Commissioner and Co-Chair, Peter S. Kosinski. "Those laws governing the canvassing of ballots were followed by all the local board of elections. To establish a precedent that says the State Board has the authority to supplant the enacted laws of the Legislature at any time is dangerous and threatens to undermine the orderly administration of elections. Appealing this decision is an effort to restore order to the process. The Legislature has made changes to the Election Law in the wake of the June Primary and that is the proper way to make changes in the conduct elections."

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com