UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Emily Gallagher, et al.,<br><br>*Plaintiffs*,<br><br>- against -<br><br>New York State Board of Elections, et al.,<br><br>*Defendants*.<br><br>Maria D. Kaufer and Ethan Felder,<br><br>*Plaintiff-Intervenors*,<br><br>- against -<br><br>New York State Board of Elections, et al.,<br><br>*Defendants*. | Case No.<br>1:20-CV-05504 (AT)<br><br>**STIPULATION OF SETTLEMENT AND [PROPOSED] ORDER** |

This STIPULATION OF SETTLEMENT ("Stipulation") is made by and between Plaintiffs Emily Gallagher, Alessandra Biaggi, Suraj Patel, Katherin Stabile, Jillian Santella, Aaron Seabright, James C. McNamee, Kristin Sage Rockerman, Maria Barva, Miriam Lazewatsky, Myles Peterson, Samantha Pinsky, Christian O'Toole, Tess Harkin, Caitlin Phung, and Antonio Pontón-Núñez (collectively, the "Plaintiffs") and Defendants New York State Board of Elections ("State Board"); State Board Commissioners Peter S. Kosinski, Andrew Spano, and Douglas Kellner; State Board Co-Executive Directors Todd D. Valentine and Robert A. Brehm (collectively, "State Board Defendants"); and Governor Kathleen Hochul[1] (collectively, the "State Defendants," and together with the Plaintiffs, the "Parties").

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), upon the resignation of Governor

## RECITALS

A.   On July 17, 2020, Plaintiffs filed a complaint in this Court (Case No. 20-cv-5504, the "Action"), alleging that Defendants violated the constitutional rights of Plaintiffs by not instructing local boards of elections to count absentee ballots cast in the June 23, 2020 Primary Election (the "June 23 Primary") that arrived after election day with a missing or late postmark.

B.   On July 17, 2020, Plaintiffs filed an application seeking emergency relief under Rule 65 of the Federal Rules of Civil Procedure.

C.   On July 22, 2020, Plaintiff-Intervenors Maria D. Kaufer and Ethan Felder (collectively, the "Plaintiff-Intervenors") filed a motion to intervene and for a preliminary injunction. On July 23, 2020, the Court granted the Plaintiff-Intervenors' motion to intervene.

D.   On July 29-30, 2020, the Court held an evidentiary hearing.

E.   On August 3, 2020, the Court issued an order (the "August 3 Order") granting a preliminary injunction requiring the State Board to direct local boards of election statewide to "count all otherwise valid absentee ballots cast in the June 23 Primary which were (1) received by June 24, 2020, without regard to whether such ballots are postmarked by June 23, 2020 and (2) received by June 25, 2020, so long as such ballots are not postmarked later than June 23, 2020."

F.   On September 11, 2020, Plaintiffs filed a First Amended Complaint, alleging that Defendants violated the constitutional rights of Plaintiffs by not instructing local boards of elections to count absentee ballots cast in the November 3, 2020 General Election and in future elections that arrive after election day with a missing or late postmark.

---

Andrew M. Cuomo on August 24, 2021, Governor Hochul was automatically substituted as a defendant in this action in her official capacity as Governor of the State of New York.

G. On September 18, 2020, Plaintiffs filed a second application seeking emergency relief under Rule 65 of the Federal Rules of Civil Procedure.

H. On October 23, 2020, the Court issued an order (the "October 23 Order") denying Plaintiffs' motion for a second preliminary injunction.

I. The Plaintiffs and the State Defendants have reached an agreement to fully and finally resolve this action by settlement without the need for further litigation, expense, or Court intervention, which they now memorialize in this Stipulation.

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Stipulation, the Plaintiffs and the State Defendants hereby agree as follows:

**1. Dismissal of Plaintiffs' Claims**

Upon the Court "so ordering" this Stipulation, all of Plaintiffs' claims asserted in the Action are dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(2) and without payments, attorney's fees, costs, disbursements, or expenses except as specified in Paragraph 5 of this Stipulation.

**2. No Admission of Liability**

This Stipulation and any actions taken pursuant to it are made solely to avoid the burdens and expenses of protracted litigation and shall not constitute an admission of wrongdoing or liability by any Party.

3. **No Precedential Value of Stipulation**

This Stipulation shall not in any manner be construed as determinative of the issues raised in the Complaints or this Action, and shall not be deemed a determination on the merits of the claims raised in the Complaints or the Action. Further, this Stipulation shall have no precedential effect concerning the alleged violations of 42 U.S.C. § 1983, the United States Constitution, or any other sources of law. In addition, notwithstanding the provisions of any paragraph herein, this Stipulation shall not bind or collaterally estop the State Defendants; the State of New York; or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, whether in an individual or official capacity, or any of them, or all of them, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in any such actions or proceedings, or from advancing any defenses in any such actions or proceedings.

4. **Release**

In exchange for the undertaking by the State Defendants set forth in Paragraph 5 of this Stipulation and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Plaintiffs and Plaintiffs' counsel, on behalf of themselves, their successors and assigns (collectively, "Releasing Parties"), agree to accept the undertakings provided in Paragraph 5 herein in complete satisfaction of any and all claims, allegations, or causes of action asserted by Plaintiffs in the Complaints and this Action, including for attorney's fees, costs, disbursements, or expenses, with prejudice and without any payments, attorney's fees, costs, disbursements, or expenses except as specified in Paragraph 5 of this Stipulation, and hereby release and forever discharge the State Defendants and the State of New York, together with all of their present and former principals, officers, directors, members, employees, agents, attorneys, insurers, agencies,

subdivisions, subsidiaries, administrators, and assigns, individually and in their official capacities (collectively, "Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, relating to the claims asserted in the Complaints or Action or that could have been asserted in the Complaints or Action, including for attorney's fees, costs, disbursements, or expenses, except as provided in this Stipulation. Plaintiffs are not waiving or releasing any non-waivable statutory protections. Plaintiffs are not waiving or releasing any claims unrelated to those asserted in the Complaints or Action or that may arise that could not have been asserted in the Complaints or Action after Plaintiffs execute this Stipulation.

5. **Defendants' Undertakings**

For and in consideration of the undertakings by Plaintiffs set forth in this Stipulation, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the State Defendants hereby agree as follows:

> a) The State of New York, on behalf of the State Defendants, agrees to pay to Plaintiffs' counsel the sum of one hundred thousand dollars ($100,000) ("Settlement Amount Payment"), for which I.R.S. Forms 1099 shall be issued to Cohen&Green PLLC, the Law Office of Ali Najmi, and Jonathan Wallace (in the amounts below), in full and complete satisfaction of any and all claims, allegations, or causes of action against the State Defendants for attorney's fees, costs, disbursements, and expenses that Plaintiffs may have for any and all attorneys who

have at any time represented, consulted with, or acted on behalf of Plaintiffs in connection with the Complaints or this Action.

    b) The Settlement Amount Payment shall be made payable by three separate payments, as follows:

        i. $ 57,089.04 payable to Cohen Green PLLC

        ii. $13,272.50 payable to the Law Office of Ali Najmi

        iii. $29,638.46 payable to Jonathan Wallace

**6.**     **State Approval of Payments**

The Settlement Amount Payment referenced in Paragraph 5 of this Stipulation is conditioned upon and subject to the approval of all appropriate officials of the State of New York in accordance with Section 17 of the New York Public Officers Law. Plaintiffs and their counsel agree to execute and deliver promptly all necessary or appropriate vouchers and other documents requested with respect to obtaining such approval and effectuating such payment.

**7.**     **Accrual of Interest**

In the event that the Settlement Amount Payment referenced in Paragraph 5 of this Stipulation has not been made in full by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General of a "So Ordered" copy of this Stipulation entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 5 and 6 of this Stipulation, interest on any part of the Settlement Amount Payment not paid by the one hundred twentieth (120th) day shall accrue on the outstanding principal balance at the statutory rate prescribed by 28 U.S.C. § 1961, beginning on the one hundred and twenty-first (121st) day.

8. **Liability of Plaintiffs for Taxes**

Plaintiffs and their counsel agree that any taxes on the Settlement Amount Payment referenced in Paragraph 5 above, and/or interest or penalties imposed by any taxing authority on such payments, shall be their sole and complete responsibility. Plaintiffs and their counsel shall have no claim, right, or cause of action against the State Defendants or the State of New York (including, but not limited to, any and all agencies, departments, or subdivisions thereof) or any of their officials, employees, or agents, whether in their individual or official capacities, on account of such interest or penalties. In the event that any taxing authority or any other federal, state, or local government, administrative agency, or court issues a final determination that the State Defendants or the State of New York, or any of their offices, agencies, departments, divisions, or subdivisions are liable for the failure of Plaintiffs or their counsel to pay federal, state, or local income tax, or other taxes or withholdings with respect to any portion of the Settlement Amount Payments referenced in Paragraph 5 above, or are liable for interest or penalties related thereto, Plaintiffs agree to reimburse the State Defendants or the State of New York, or any of their offices, agencies, departments, divisions, or subdivisions, for such liability with respect to any portion of the Settlement Amount Payments referenced in Paragraph 5 above, so long as Plaintiffs have been provided with notice of any such claim or proceeding promptly following receipt of notice of such claim or proceeding by the State Defendants and/or the State of New York.

9. **Responsibility of Plaintiffs and Their Counsel for Liens and Setoffs**

Plaintiffs and their counsel agree that neither the State Defendants nor the State of New York, or any of their offices, agencies, departments, divisions, subdivisions, or current or former officials, employees, or agents, whether in their individual or official capacities, shall be

responsible for the satisfaction of any liens or the payment of set-offs of any kind that may attach to the Settlement Amount Payment referenced in Paragraph 5 above. Plaintiffs and their counsel shall have no claim, right, or cause of action against the State Defendants or the State of New York, or any of their offices, agencies, departments, divisions, subdivisions, or current or former officials, employees, or agents, whether in their individual or official capacities, on account of any such liens or set-offs.

10. **No Other Counsel for Plaintiffs**

Except as disclosed in timesheets exchanged by the Parties during settlement negotiations, Plaintiffs represent and warrant that no attorney other than the undersigned counsel have rendered any legal services to Plaintiffs or incurred any costs, disbursements, or expenses on behalf of Plaintiffs recoverable pursuant to 42 U.S.C. § 1988 in connection with the Complaints or this Action, and that no other attorney has a lien for services rendered to Plaintiffs, or for costs, disbursements, or expenses incurred on their behalf, pursuant to the provisions of Section 475 of the New York Judiciary Law, or otherwise in connection with the Complaints or this Action.

11. **Miscellaneous Provisions**

   a) <u>Entire Agreement</u>: This Stipulation constitutes the entire agreement between the Plaintiffs and the State Defendants pertaining to the subject matter hereof, and it supersedes, embodies, merges, and integrates all prior and current agreements and understandings of the Plaintiffs and State Defendants, whether written or oral, with respect to the subject matter of this Stipulation, and may not be clarified, modified, changed, or amended except in a writing duly executed by the Plaintiffs and the State Defendants or an authorized representative.

b) <u>Governing Law</u>: The terms of this Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, without regard to choice-of-law rules.

c) <u>Severability</u>: If any provision of this Stipulation other than Paragraphs 1, 4, and 6 shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion(s) of this Stipulation or affect its validity.

d) <u>Voluntary Agreement</u>: The Plaintiffs and State Defendants execute and deliver this Stipulation voluntarily after being fully informed of its terms, contents, and effect and acknowledge that she, he, they, or it understands its terms, contents, and effect. Each of the Parties acknowledges that she, he, they, or it has been represented by counsel of her, his, their, or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any Party hereto or any one acting on behalf of such Party.

e) <u>Authority</u>: Each signatory to this Stipulation hereby represents and warrants that he, she, they, or it has the requisite authority to enter into this Stipulation and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Stipulation.

f) <u>Successors and Assigns</u>: The terms and conditions of this Stipulation shall inure to the benefit of, and be binding upon, the successors and assigns of each Party hereto.

g) <u>Execution</u>: This Stipulation may be executed in any number of counterparts, each of which shall be deemed an original and which, taken together shall constitute one and the same instrument, and may be executed by facsimile, electronic signature, or electronically scanned signature.

h) <u>Headings</u>: The headings contained in this Stipulation are for convenience or reference only and are not a material part of this Stipulation.

i) <u>Submission to the Court</u>: Upon being fully executed, this Stipulation may be submitted to the Court to be "so ordered" by any Party without further notice.

IN WITNESS WHEREOF, the Parties hereto acknowledge that they have read this Stipulation and accept and agree to the provisions contained herein, and have each executed this Stipulation to be effective on the day and date indicated below.

Dated: New York, New York
      September 8, 2021

    LETITIA JAMES,
    Attorney General
      State of New York
    *Counsel for the State Defendants*

By:   Owen T. Conroy
      Assistant Attorney General
      28 Liberty Street
      New York, NY 10005

COHEN&GREEN P.L.L.C.
*Counsel for Plaintiffs*

By:   J. Remy Green
      Jonathan Wallace, *of counsel*
      1639 Centre Street, Suite 216
      Ridgewood, New York 11385

Law Office of Ali Najmi

By:   Ali Najmi
      32 Broadway, Suite 1310
      New York, New York 10004

SO ORDERED, this ___ day of September, 2021.

_____
THE HONORABLE ANALISA TORRES
UNITED STATES DISTRICT JUDGE